QUESTIONS: 1. May a property appraiser refuse to make cutouts or splits in the absence of any recorded instrument indicating record or equitable title in another? 2. What proof would be sufficient to require that the property appraiser furnish cutouts or splits?
SUMMARY: The county property appraiser may not refuse to make cutouts or splits in the absence of any recorded instrument indicating record or equitable title in another, but within the provisions of Department of Revenue Rule 12B-1.361, F.A.C., the property appraiser must figure the amount of the assessment on the cutout or split portion of the whole parcel of real property on the basis of legally competent evidence clearly reflecting an ownership or possessory interest of the real property involved. Your first question is answered in the negative and your second question is answered by the following discussion. In the year in which the cutout or split occurs, the entire parcel is to be assessed according to its just value as of January 1, s. 192.042, F.S., and a lien for the ad valorem taxes thereon is imposed as of that date, s. 197.056, F.S. There are only three instances in which the property appraiser is authorized to change the parcel of property assessed on the real property assessment roll: In the case of errors, s. 197.056(1), F.S.; under the provisions of s. 197.176, F.S., relating to redemption of a portion of a tax certificate; and under the provisions of Department of Revenue Rule 12B-1.361, F.A.C.: 12B-1.361 Splits and Cutouts, Time for Requesting and Procedure. When property has been properly assessed in the name of the owner as of January 1st of the tax year, the assessor [property appraiser] may not cancel the assessment by reason of a sale of the whole or a part of the property. The assessment is against the property, not the owner. When the new owner or the original owner wishes to pay taxes on his proportionate share of the whole property, it is the duty of the tax assessor [property appraiser] to figure the amount of the assessment on that portion of the whole. However, the request for a split or cutout shall initiate with the tax collector. The owner may request at any time from November 1, or as soon thereafter as the tax roll comes into the hands of the tax collector and up until 5 days before the tax certificate sale that the tax assessor [property appraiser] furnish an assessment on property to be split or cutout of a larger parcel. The party requesting the split or cutout may be required to furnish proof to substantiate his claim. Proof may be in the form of a recorded instrument.
The tax collector upon request for a split or cutout being filed shall immediately forward said request to the tax assessor [property appraiser]. The completed request for the split or cutout, filed with the assessor [property appraiser] shall be returned to the tax collector not later than five (5) days after the request was filed by the tax collector. The tax collector shall issue his receipt showing that taxes have been paid on that portion of the property in order to prevent that part from having a tax certificate sold for delinquent taxes. If a portion of the taxes remain unpaid and become delinquent then the tax collector shall advertise and sell tax certificates as he would on other parcels of delinquent property. If the request for split or cutout occurs after the lands have been advertised for delinquent taxes but before the five day deadline of the tax certificate sale, then the tax collector shall pro rate the delinquent interest and advertising cost incurred by the county. The foregoing rule has reference to where there is a transfer of a portion of a larger parcel of real property and is not concerned with the transfer of the whole parcel and attempted partial payment of the ad valorem taxes levied on the whole parcel. Cf. AGO 074-388. It is only under the circumstances and following the procedures enumerated in Department of Revenue Rule 12B-1.361, supra, that any split or cutout may be reflected on the assessment roll for the tax year in which the split or cutout occurs. Said rule requires the taxpayer requesting the split or cutout to furnish proof to substantiate his or her claim and further provides that such proof "may be in the form of a recorded instrument." It would appear that while this might be the preferred form of proof, it cannot be considered the exclusive form of proof, and other legally competent evidence clearly reflecting an ownership or possessory interest of the real property would suffice. See AGO's 070-126, 074-216, and 074-363. As stated in AGO 070-126, "the assessor should assess the property in the names of all persons who return the property for taxes and those persons whose ownership is reflected in instruments recorded in the public records of the situs county."